George D. Ogden, J.
At a hearing held June 12, 1961, pursuant to an order of the Appellate Division of the Supreme Court, Fourth Department (13 A D 2d 717), it appeared that a homicide occurred in the City of Bochester, New York, on July 15, 1951; that defendant was arraigned in City Court, City of Bochester, charged with vagrancy, on July 16, 1951; that on July 17, 1951 defendant was arrested and arraigned in City Court on a charge of murder in the first degree.
Defendant testified that he was arrested July 15, 1951 and questioned before court on July 16 on the vagrancy charge; that he was charged .with murder in the first degree and arraigned on July 17 and questioned further on that date; that he was never advised of his right to be represented by counsel and to an adjournment to get counsel; that he was indicted for murder in the first degree on July 19, 1951. The stenographic *615 notes of the reporter in City Court, City of Rochester, who was present at defendant’s arraignment on both charges, which notes were received in evidence at the hearing, show that on both July 16 and July 17 defendant was advised of his right to be represented by counsel and to an adjournment for the purpose of procuring counsel. The secretary to the chief of detectives, who took stenographic notes of the questioning of defendant, testified that the defendant was questioned on July 16 and again on July 18; that the notes of the questioning on July 16 — but not those of the questioning on July 18 — were received in evidence at defendant’s trial on the capital charge in November of 1951. It is conceded that at defendant’s arraignment on the indictment charging him with murder in the first degree he was represented by counsel. Other testimony was received at the hearing held in this matter, but such testimony does not appear to have any relevancy as far as the issue, or issues, raised by defendant are concerned.
It thus appears that defendant was questioned after his arraignment in City Court on a vagrancy charge, and both before and after his arraignment in that court on a charge of murder in the first degree. It does not appear that at any time after defendant was indicted for the crime of murder in the first degree he was questioned by the police. After trial on the charge of murder defendant was found guilty of manslaughter in the first degree, and although he now claims that the alleged confession or admissions were coerced and that he made them because of violence applied, or threat of violence to be used, by the police in obtaining whatever admissions were obtained, no appeal from the verdict of guilty was ever taken.
On the facts, defendant-petitioner has not met the burden imposed upon him by law of proving his right to the relief sought by a fair preponderance of the credible testimony.
On the law, it must be remembered that this is a petition by defendant for the issuance of a writ of error coram nobis to set aside and vacate a 1951 conviction, whereas in the cases cited by defendant’s counsel the opinions referred to deal with appeals taken by defendants from judgments of conviction. In People v. Waterman (9 N Y 2d 561) the court held only that the admission in evidence of the incriminating statements obtained from Waterman as a result of the post-indictment questioning was “ ‘ so gross an error as to require reversal, regardless of any other question ’ ” (p. 567). It is my respectful opinion that the Waterman case established no other rule and, for this reason, I do not believe that the opinion in People v. Meyer (14 A D 2d 241, 242) properly interprets the holding of the Water *616 man case. In the case at bar the alleged admissions, or confessions, of the defendant were obtained before the indictment of defendant for the crime of murder. It appears — although there is some confusion on this point, and a transcript of the testimony received at defendant’s trial under said indictment was not offered in the instant hearing — that defendant’s statement of July 16, 1951 was received in evidence at his trial, but that the defendant’s statement of July 18, 1951 was not offered in evidence at such time. Consistent with the holding in the Waterman case and the cases cited therein, it is my opinion that defendant’s constitutional rights were not infringed by the questioning after arraignment but before indictment.
If there was evidence of coercion in the obtaining of the confession it must have been properly submitted to the trial jury in accordance with section 395 of the Code of Criminal Procedure, as no appeal was taken from the judgment of conviction in this matter. A writ of error coram nobis may not be invoked to show an error of law apparent on the face of the record. (People v. Sullivan, 3 N Y 2d 196; People v. Shapiro, 3 N Y 2d 203; People v. Cassell, 6 N Y 2d 762.) If error were committed during the trial, defendant-petitioner’s remedy was an appeal from the judgment of conviction — not a writ of error coram nobis — in the absence of some showing that defendant-petitioner was deprived of his constitutional rights.
The court recognizes the effort put forth by the attorney for defendant-petitioner in the preparation for the hearing held herein and in his presentation of the facts and the law applicable thereto, and compliments Mr. Feldman for his conscientious and able work in defendant-petitioner’s behalf. The petition, in all respects, is denied.